---

**Pioneer Pet Products, LLC**

       Plaintiff,

v.                                        Civil Action No. 2:16-cv-1659

**Hillbright LLC**
       Defendant.

---

## COMPLAINT

---

Plaintiff, Pioneer Pet Products, LLC ("Pioneer"), for its complaint against Defendant, Hillbright LLC ("Hillbright"), alleges the following:

### Nature of Action

1.      This is a civil action for patent infringement under The Patent Act, 35 U.S.C. §§ 1-376, to prevent Hillbright from further infringing Pioneer's U.S. Patents 8,770,148 ("the '148 patent") entitled "Filter for pet fountain" and D657,843 ("the '843 patent") entitled "Filter" (collectively "Pioneer's patents"), which are attached as Exhibits A and B.

### Jurisdiction and Venue

2.      The district court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and §1338(a) (action arising under any Act of Congress relating to patents and copyrights).

3.      Upon information and belief, Hillbright regularly conducts business in the Eastern District of Wisconsin. Moreover, upon information and belief, Hillbright actively markets and sells goods and products in this District, including but not limited to products that infringe

Pioneer's patents.  Accordingly, venue in this District as to Hillbright is proper under 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(b) and (c).  Jurisdiction as to Hillbright is proper pursuant to Wis. Stat. § 801.05(3) and/or Wis. Stat. § 801.05(4).

<h2 style="text-align:center"><strong><u>Parties</u></strong></h2>

4.      Plaintiff Pioneer is a Wisconsin company with its principal place of business in this District at N144 W5660 Pioneer Road, Cedarburg, Wisconsin 53012.  Among other things, Pioneer is engaged in the business of manufacturing and selling pet-related products, including, but not limited to, filters for pet drinking fountains.  Pioneer is the assignee and current owner of the '148 and '843 patents.

5.      Upon information and belief, Defendant Hillbright is a company with its principal place of business at 5312 Darlington Street, Rosemead, California 91770.

<h2 style="text-align:center"><strong><u>Background Facts</u></strong></h2>

6.      Pioneer is a leader in the pet product industry, providing various products including pet fountains.

7.      Pioneer developed a pet drinking fountain system that includes a filter.  The '148 and '843 patents are directed to Pioneer's filter, which is shown below:



<u>**COUNT I:  Infringement of the '148 Patent**</u>

8.      Pioneer restates and incorporates by reference the allegations in the preceding paragraphs.

9.      Hillbright manufactures, offers to sell, and/or sells filters that infringe the '148 patent in violation of 35 U.S.C. § 271, including the pet feeding system shown below, which Hillbright advertises on its website, www.nspira.com, as "Water Filter Replacement For Pioneer Pet Ceramic SS."



10.      By way of example, Hillbright's infringing filter infringes claims 1, 17, and 23.

11.      Upon information and belief, Hillbright continues to sell its infringing products.

12.      Upon information and belief, Hillbright is willfully infringing the '148 patent.

13.      Upon information and belief, Hillbright will continue to infringe the '148 patent unless and until it is enjoined by a court.

14.      Hillbright's infringement is causing irreparable harm to Pioneer, including, but not limited to, infringing upon Pioneer's rights in the '148 patent.

15.      Pioneer has been damaged by Hillbright's infringement of the '148 patent.

16.     Hillbright's conduct shows a lack of the required duty to avoid infringement of the '148 patent such that this is an exceptional case; therefore, Pioneer should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

17.     Pursuant to 35 U.S.C. § 284, Pioneer is entitled to enhanced damages for infringement of the '148 patent, up to treble damages.

18.     Pursuant to 35 U.S.C. § 283, Pioneer is entitled to a preliminary and permanent injunction against further infringement of the '148 patent.

## COUNT II:  Infringement of the '843 Patent

19.     Pioneer restates and incorporates by reference the allegations in the preceding paragraphs.

20.     Hillbright manufactures, offers to sell, and/or sells filters that infringe the '843 patent in violation of 35 U.S.C. § 271, including the pet feeding system shown in ¶ 9 above, which Hillbright advertises under its NISPIRA® brand.

21.     Upon information and belief, Hillbright continues to sell its infringing products.

22.     Upon information and belief, Hillbright is willfully infringing the '843 patent.

23.     Upon information and belief, Hillbright will continue to infringe the '843 patent unless and until it is enjoined by a court.

24.     Hillbright's infringement is causing irreparable harm to Pioneer, including, but not limited to, infringing upon Pioneer's rights in the '843 patent.

25.     Pioneer has been damaged by Hillbright's infringement of the '843 patent.

26.     Hillbright's conduct shows a lack of the required duty to avoid infringement of the '843 patent such that this is an exceptional case; therefore, Pioneer should be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

27.     Pursuant to 35 U.S.C. § 284, Pioneer is entitled to enhanced damages for infringement of the '843 patent, up to treble damages.

28.     Pursuant to 35 U.S.C. § 283, Pioneer is entitled to a preliminary and permanent injunction against further infringement of the '843 patent.

29.     Pursuant to 35 U.S.C. § 289, Pioneer is entitled to an award of Hillbright's profits from its sales of the infringing filters.

WHEREFORE, Plaintiff, Pioneer Pet Products, LLC, demands judgment against Defendant Hillbright LLC as follows:

A.     That the defendant be preliminarily and permanently enjoined from manufacturing or selling any further products that infringe the '148 and/or the '843 patent.

B.     An award of plaintiff's actual damages.

C.     An award of defendant's profits.

D.     An award trebling or enhancing the damages found due to defendant's willful infringement.

E.     That the defendant be ordered to turn over to plaintiff or alternatively to destroy any infringing pet feeding system in its possession.

F.     An award of plaintiff's costs, including attorneys fees.

G.     Any other relief that the court may deem proper and just.

JURY DEMAND

Plaintiff Pioneer Pet Products, LLC demands a jury trial for all factual issues not admitted by the defendant.

Respectfully submitted,

Dated: December 14, 2016

s/Michael T. Griggs
Michael T. Griggs
Sarah M. Wong
Boyle Fredrickson S.C.
840 N. Plankinton Avenue
Milwaukee, WI 53203
Telephone: 414-225-9755
Facsimile: 414-225-9753
***Attorneys for Pioneer Pet Products, LLC***